IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| GARY M. & JOYCE BURIVAL, | ) | CASE NO. BK07-42271-TLS |
| | ) | |
| RICHARD BURIVAL & PHILLIP BURIVAL, | ) | Jointly Administered |
| d/b/a BURIVAL BROTHERS, a partnership, | ) | |
| | ) | CHAPTER 11 |
| Debtor(s). | ) | |
| RICK D. LANGE, Chapter 11 Trustee, | ) | |
| | ) | ADV. NO. A10-4008-TLS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES WIDTFELDT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on cross-motions for summary judgment by the plaintiff (Fil. #11) and the defendant (Fil. #18). Brian S. Kruse represents the plaintiff, and the defendant represents himself. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The plaintiff's motion is granted. The defendant's motion is denied. The security interests claimed by Mr. Widtfeldt are invalid. His claims are general unsecured claims.

The debtors Gary and Joyce Burival farmed land owned by the defendant Mr. Widtfeldt in 2007 and preceding years. There was no signed lease agreement for 2007, nor, according to Mr. Widtfeldt, was there an oral agreement to lease the land. He now characterizes the debtors as trespassers who stole the 2007 corn crop owned by him, as well as his portion of the cornstalks from the 2006 crop.

Prior to the filing of the debtors' bankruptcy petition in November 2007, Mr. Widtfeldt filed a U.C.C. filing statement against Gary and Joyce Burival claiming a security interest in the debtors' corn crop on his premises. He also filed a U.C.C. financing statement against them on the day after they filed bankruptcy. He filed two proofs of claim, one in Gary and Joyce Burival's bankruptcy case and one in the Burival Brothers' bankruptcy case. The claims are in the amount of $17,500.00, for rent and expenses, and are identified as secured claims based on the U.C.C. financing statements.

Mr. Widtfeldt also specified that $2,000.00 of each claim was entitled to priority as pre-petition wages, salaries or commissions.

The Chapter 11 trustee filed this adversary proceeding to have Mr. Widtfeldt's security interests declared invalid or, in the alternative, found to be preferential or avoidable as a post-petition transfer. Mr. Widtfeldt denies the trustee's allegation. Both parties now move for summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

In this case, it is clear that the trustee is entitled to judgment as a matter of law on the validity of Mr. Widtfeldt's purported security interests. Mr. Widtfeldt cannot prevail because creditors cannot unilaterally create security interests against assets of debtors. The Uniform Commercial Code requires three things for a valid, enforceable security interest: (1) value has been given; (2) the debtor has rights in the collateral; and (3) the debtor signs a security agreement containing a description of the collateral. Neb. U.C.C. § 9-203(b).

While the written lease agreement for Mr. Widtfeldt's land contains a provision for the landlord to secure performance of the lessee's obligations by recording the lease as a security agreement and U.C.C. financing statement, that provision can be effective only upon the execution of the lease by both parties. None of the Burivals signed a lease with Mr. Widtfeldt for 2007, and there is no evidence of a separate security agreement signed by any of the debtors, so Mr. Widtfeldt's attempt to assert a secured claim by virtue of his U.C.C. filing is unfounded. The U.C.C. filings are invalid, the claimed liens and security interests are void, and Mr. Widtfeldt holds general unsecured claims.

Likewise, Mr. Widtfeldt has offered no support for his assertion of a priority wage claim of $2,000.00 under 11 U.S.C. § 507(a)(4). The purpose of that priority category is to alleviate the hardship that falls on workers who lose their jobs because of their employer's bankruptcy. Mr. Widtfeldt does not appear to come within that description in this case. Accordingly, his priority claims are denied.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #11) is granted. The defendant's motion for summary judgment (Fil. #18) is denied. Separate judgment will be entered.

DATED: July 14, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
*James Widtfeldt
*Brian S. Kruse
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.